IN THE UNITED STATES DISTRICT COURT
DISTRICT OF KANSAS

| | |
|---|---|
| WILLIAM E. KNAPP, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. |
| | ) |
| DRISCO, LLC; WILLIAM E. RAMSEY; | ) |
| and HARTFORD FIRE INSURANCE | ) |
| COMPANY, | ) |
| | ) |
| Defendants. | ) |
| | ) |

**COMPLAINT**

COMES NOW the plaintiff William E. Knapp, by and through his attorneys, Donald S. Andersen, Roger A. Riedmiller, and Mark A. Scott of Riedmiller, Andersen & Scott, LLC, and for his cause of action against the defendants Drisco, LLC, William E. Ramsey, and Hartford Fire Insurance Company, alleges and states as follows:

**I. PARTIES AND JURISDICTION**

1. Plaintiff William E. Knapp is a resident of Neosho County, Kansas and a citizen of the State of Kansas.

2. Defendant Drisco, LLC is a for profit limited liability company organized under the laws of the State of Oklahoma, with its principal place of business in Ponca City, Oklahoma. Said defendant is authorized to transact business in the State of Kansas as a foreign limited liability company. Defendant Drisco, LLC may be served with process by serving its resident agent, Derry A. Larson, 200 W. Douglas, Suite 1000, Wichita, KS 67202.

3. Defendant William E. Ramsey resides in Grant County, Oklahoma and is a citizen of the State of Oklahoma.

4. Defendant Hartford Fire Insurance Company is a foreign corporation, existing under the laws of the State of Connecticut, and authorized to transact business in Kansas. As an insurance company, service of process may be obtained on said defendant by serving the Commissioner of Insurance of the State of Kansas, pursuant to K.S.A. 40-218.

5. Subject matter jurisdiction of this Court is based on diversity of citizenship under 28 U.S.C. § 1332(a) and (c), in that the parties are citizens of different states, and the amount in controversy is in excess of $75,000.00, exclusive of interest and costs.

6. This Court has personal jurisdiction over defendants Drisco, LLC and William E. Ramsey because (a) the defendants committed a tortious act in the State of Kansas, as described below, which is the subject of this lawsuit; and (b) said defendants were transacting business in this state through the operation of semi tractor-trailer at the time of the alleged wrongful conduct, as set forth below.

7. This Court has personal jurisdiction over the defendant Hartford Fire Insurance Company because it (a) provided liability insurance coverage on the Drisco, LLC semi tractor-trailer at the time of the subject motor vehicle collision, and (b) is registered to do business in this state and has provided irrevocable written consent under K.S.A. 40-218, that any action may be commenced against it in the proper court of this state by serving the commissioner of insurance.

8. Defendant Drisco, LLC is a commercial motor carrier and is registered with the United States Department of Transportation, U.S. DOT #1123267.

9. At the time of the subject motor vehicle collision, as described below, defendant William E. Ramsey was an employee of defendant Drisco, LLC.

10. At the time of the subject motor vehicle crash described below, defendant William E. Ramsey was operating a semi tractor-trailer owned by his employer, defendant Drisco, LLC.

11. The semi tractor-trailer was a commercial motor vehicle that consisted of a red 2012 Peterbilt with a VIN of 1XPWDP9X8CD156953 and an Oklahoma license plate number of 2RA314, and a large dump trailer with Oklahoma license plate number of 645-2GL. The semi tractor-trailer was 62 feet long with a weight of approximately 40,000 pounds at the time of the subject collision. Defendant Drisco, LLC was the owner of both the tractor and the trailer.

12. Because defendant William E. Ramsey was operating the commercial motor vehicle described above within the course and scope of his employment at the time of the subject collision, any negligence of defendant William E. Ramsey, in the operation of said commercial motor vehicle, is likewise the negligence of his employer, defendant Drisco, LLC.

## II. CAUSES OF ACTION AGAINST DEFENDANTS DRISCO AND RAMSEY

13. On December 20, 2019 at or about 7:05 a.m., in rural Wilson County, Kansas, defendant William E. Ramsey did negligently, carelessly, wantonly and/or recklessly operate a Drisco, LLC semi tractor-trailer so as to cause a collision with a pickup truck driven by the plaintiff, William E. Knapp.

14. Before the collision, defendant William E. Ramsey was operating the Drisco, LLC semi tractor-trailer westbound on K-39 Highway, a two-lane paved roadway in rural Wilson County, Kansas, when he missed the turnoff for his intended destination.

15. After realizing he missed the turnoff, defendant William E. Ramsey proceeded further west on K-39 Highway to the nearest intersection, which was at Thomas Road, a rural

county gravel road. At this intersection, the defendant Ramsey intended to turn the semi tractor-trailer around so that he could head back east on K-39 Highway and to his intended destination.

16. When he reached the intersection, defendant William E. Ramsey turned the semi tractor-trailer to the right onto northbound Thomas Road.

17. After completing the turn, the defendant William E. Ramsey stopped the Drisco, LLC semi tractor-trailer on the gravel road. The defendant then began slowly backing the Drisco semi tractor-trailer southbound across K-39 Highway, obstructing both lanes of traffic as he proceeded across the highway.

18. As defendant Ramsey was backing the Drisco, LLC semi tractor-trailer across K-39 Highway, plaintiff William E. Knapp was driving his white 2008 GMC Sierra pickup truck westbound on K-39 Highway approaching the intersection with Thomas Road. It was dark out at the time, and there were no street lights in the area to illuminate the intersection, making it difficult for plaintiff William E. Knapp to see the Drisco semi tractor-trailer crossing the highway directly ahead.

19. Complicating visibility even further, the Drisco semi-tractor did not have reflective conspicuity strips or warning lights on any part of its passenger side, the side exposed to the plaintiff, making it even more difficult for the plaintiff to see the vehicle before him.

20. Unaware of the danger that lay ahead, plaintiff William E. Knapp did not see the Drisco, LLC semi tractor-trailer in front of him in time to avoid collision.

21. Consequently, plaintiff William E. Knapp drove his pickup truck into the Drisco, LLC semi-tractor, colliding the front end of his pickup with the passenger side of the semi-tractor.

22. The process of backing the Drisco, LLC semi tractor-trailer across a highway was an extremely dangerous activity, which the defendant William E. Ramsey should not have undertaken, unless it was absolutely necessary, and even then, the defendant should not have attempted it unless proper precautionary measures were first undertaken.   Among these measures were:

   a. Notifying his employer, defendant Drisco, LLC, that he had missed the turnoff;

   b. Obtaining instructions from his employer, defendant Drisco, LLC, on what to do next and how or where to turn the semi tractor-trailer around in a safe manner to avoid endangering the traveling public;

   c. Notifying local law enforcement before backing across the highway so that officers or patrolman could be present to warn and direct traffic as he backed the semi tractor-trailer across the highway;

   d. If law enforcement was unavailable, having trained lookout persons in place to warn the defendant driver of approaching traffic, and to warn the approaching traffic of the presence of the semi tractor-trailer on the highway; and

   e. Deploying the vehicle hazard warning system before and during the maneuver of backing across K-39 Highway.

23. Defendant William E. Ramsey failed to take any of these necessary and proper precautionary measures before backing the Drisco semi tractor-trailer across the highway, thereby creating a danger to plaintiff William E. Knapp that should have never existed. Defendant Ramsey's conduct under these circumstances was a violation of the standard of care applicable to operators of commercial motor vehicles, constituting negligence on his part and, by extension, the part of defendant Drisco, LLC, through the doctrine of respondeat superior.  This

negligence was the direct and proximate cause of the subject motor vehicle collision, and the injuries and damages sustained by the plaintiff, William E. Knapp.

24. Additionally, defendant William E. Ramsey and defendant Drisco, LLC also were negligent in the following manner so as to cause the subject motor vehicle collision, as well as the injuries and damages of the plaintiff, William E. Knapp:

   a. Failing to back the Drisco, LLC semi tractor-trailer in a safe manner and without interfering with other traffic on the highway [Title 49 CFR § 392.2, K.S.A. 8-1574];

   b. Failing to use reasonable care to keep his vehicle under control and drive within his range of vision [see PIK Civil 4th 121.02];

   c. Failing to safely and properly operate his vehicle to avoid backing the vehicle across a highway [K.S.A. 8-1574(a), Title 49 CFR § 392.2];

   d. Failing to keep a proper lookout for other vehicles in his line of vision which may affect his use of the highway [PIK 4th Civil 121.03];

   e. Failing to keep his duty status log current at the time of the collision [Title 49 CFR § 395.8F01];

   f. Failing to be qualified to drive a commercial motor vehicle [Title 49 CFR § 391.11];

   g. Failing to sound a horn or give warning at any time prior to the collision;

   h. Operating a commercial vehicle in a condition likely to cause an accident, in violation of Title 49 CFR § 396.7; and

   i. Failing to be familiar with the location of his intended destination, resulting in missing his turnoff.

25. The Kansas Highway Patrol (KHP) investigated the subject motor vehicle collision. As part of its investigation, the KHP performed a driver/vehicle examination and prepared a Driver/Vehicle Examination Report. At the conclusion of its investigation, the KHP determined the cause of the subject motor vehicle collision was defendant William E. Ramsey backing the Drisco, LLC semi tractor-trailer in an improper and unsafe manner, in violation of K.S.A. 8-1574(a). The Kansas Highway Patrol issued a citation to defendant William E. Ramsey for violation of K.S.A. 8-1574(a).

26. The negligence of defendant William E. Ramsey for failing to back his vehicle in a safe manner and without interfering with other traffic is a violation of the Federal Motor Carrier Safety Regulations [Title 49 CFR § 392.2] and state law [K.S.A. 8-1574] and, therefore, constitutes negligence *per se*, not only on his part but the part of defendant Drisco, LLC as well.

27. As a commercial motor carrier, defendant Drisco, LLC is bound to follow the regulations of the Federal Motor Carrier Safety Administration (Title 49 C.F.R. § 300-399). Any failure on the part of the defendant Drisco, LLC to follow these regulations constitutes negligence.

28. In addition to what is set forth above, the negligence of defendant Drisco, LLC under these circumstances includes, but is not limited, to:

   a. Negligent hiring, entrustment, supervision, retention and training of its employee, defendant William E. Ramsey;

   b. Failure of defendant's officers, drivers, agents, representatives & employees to be knowledgeable and comply with the rules of Title 49 CFR § Parts 300-399, including Part 396. [Title 49 CFR § 396.1];

7

    c. Failing to properly train its employees and drivers on how to safely operate commercial motor vehicles;

    d. Failing to implement adequate hiring procedures and driver qualifications that would prevent drivers, such as defendant William E. Ramsey, from operating commercial motor vehicles;

    e. By otherwise breaching duties, common law or statutory, relating to the operation of commercial motor vehicles and the U.S. Department of Transportation;

    f. By failing to use that degree of care that an ordinary person would use under the same or similar circumstances; and

    g. Failing to properly familiarize defendant William E. Ramsey with the route to be traveled.

29. As a result of the aforementioned wrongful and negligent acts or omissions of the defendants William E. Ramsey and Drisco, LLC, plaintiff William E. Knapp sustained serious personal injuries and other damages, including but not limited to: past and future medical expenses; past and future economic losses; past and future noneconomic losses, including pain and suffering, disability, and mental anguish.

30. Plaintiff William E. Knapp brings this action for himself and his employer, G.W. Foods Inc., and his employer's workers compensation insurer, pursuant to K.S.A. 44-504, for their benefit as their interest may appear.

31. Plaintiff William E. Knapp also brings this action on behalf of his wife, Susan Knapp, under K.S.A. 23-2605 for her loss of marital services due to the injuries her husband sustained as a consequence of the liability and fault of defendants, as set forth above.

### III. CAUSE OF ACTION AGAINST DEFENDANT HARTFORD

32. Defendant Drisco, LLC, as a licensed commercial motor carrier engaged in interstate commerce, is required to comply with the provisions of Title 49 U.S.C.A. 301 *et seq*. Under Section 387.9 of Title 49, such carriers are required to have certain minimum levels of financial responsibility (liability insurance).

33. Defendant Drisco, LLC filed an application with the Kansas Corporation Commission identifying a liability insurance policy provided by defendant Hartford Fire Insurance Company. The Kansas Corporation Commission approved this application.

34. Defendant Drisco, LLC was insured by defendant Hartford Fire Insurance Company, Policy Number XXXXXX7064. This policy provides liability insurance coverage on the defendants Drisco, LLC and William E. Ramsey for the subject motor vehicle collision.

35. Defendant Hartford Fire Insurance Company is directly liable to plaintiff William E. Knapp, pursuant to K.S.A. 66-1,128. *See Stevens v. Yusuf,* 2021 U.S. Dist. LEXIS 189484, 2021 WL 4502172 (D. Kan., Oct. 1, 2021).

### IV.  PRAYER FOR RELIEF

WHEREFORE, plaintiff William E. Knapp, prays for judgment against defendants Drisco, LLC., William E. Ramsey, and Hartford Fire Insurance Company, for a sum in excess of $75,000.00, for the costs of this action, and for such other and further relief as the Court deems just and equitable.

Respectfully submitted,
RIEDMILLER, ANDERSEN & SCOTT, LLC
The Buttermilk Lion Building
532 North Market
Wichita, Kansas 67214
T:  (316) 263-0001
F:  (316) 263-3853
E: don@ras.law; roger@ras.law; mark@ras.law

/s/ Donald S. Andersen
Donald S. Andersen, #12552
Roger A. Riedmiller, #13211
Mark A. Scott, #16045
*Attorneys for Plaintiff William E. Knapp*

## DEMAND FOR JURY TRIAL AND DESIGNATION OF PLACE OF TRIAL

Plaintiff William E. Knapp requests a trial by jury at the federal courthouse in Wichita, Kansas on all matters in controversy in the above-captioned matter.

s/ Donald S. Andersen

Donald S. Andersen, #12552
Roger A. Riedmiller, #13211
Mark A. Scott, #16045
THE LAW OFFICE ROGER A. RIEDMILLER
The Buttermilk Lion Building
532 North Market Street
Wichita, Kansas 67214
(316) 263-0001 - Phone
(316) 263-3853 – Fax
E-mail: mark@raresq.com; don@raresq.com;
*Attorneys for Plaintiff William E. Knapp*

### NOTICE OF POTENTIAL UNINSURED/UNDERINSURED MOTORIST CLAIM CERTIFICATE OF MAILING

Comes now the plaintiff, by and through her attorneys and gives notice of a potential Uninsured/Underinsured Motorist Claim to Union Insurance Company of Providence, plaintiff's Uninsured/Underinsured Motorist insurance carrier.

The undersigned does hereby certify that a copy of the above-captioned Petition, along with this notice, was deposited in the United States mail, first class, postage pre-paid and by certified mail, return receipt requested, on the 15th day of December 2021, properly addressed to:

**Union Insurance Company of Providence**
**717 Mulberry Street**
**Des Moines, Iowa 50309**

        /s/ Donald S. Andersen
        Donald S. Andersen, #12552
        Roger A. Riedmiller, #13211
        Mark A. Scott, #16045
        *Attorneys for Plaintiff William E. Knapp*